UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANGELO AMADOR, ) | |
| ) | |
| Petitioner, ) | Case No. 1:05-cv-608 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| CARMEN D. PALMER, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because the statute of limitations expired after Petitioner filed his action, the Court will not dismiss the petition at this time, pending Petitioner's compliance with this Opinion and attached Order.

**Discussion**

I.  Factual allegations

Petitioner is incarcerated in the Deerfield Correctional Facility. Petitioner was convicted in the Oakland County Circuit Court of two counts of second-degree criminal sexual conduct (CSC II) (victim under thirteen). On May 22, 2002, he was sentenced as a second habitual offender to imprisonment of forty-seven months to twenty-two-and-a-half years. The Michigan Court of Appeals affirmed his conviction on January 27, 2004, and denied his motion for reconsideration on March 8, 2004. The Michigan Supreme Court subsequently denied his application for leave to appeal on September 28, 2004.

In his amended petition (docket #7), Petitioner raises the following three grounds for habeas corpus relief:

I.  Petitioner was denied his constitutional right to a fair and impartial trial when the trial court erred reversibly in overruling the defense objection to the prosecution introducing evidence of other alleged acts, that were never reported, never charged, or founded alleged acts that were over thirty (30) years old, under MRE 404(B), where the prosecution failed to provide a sufficient foundation that the other acts had occurred or that those alleged acts had any relevance or connection to the instant offense, and that those alleged prior acts showed any plan or scheme to commit the instant offense, especially due to the lengthy time between those alleged acts and the instant charged offense.

II. The trial court committed reversible error in denying the defense request for funds to hire an expert witness (Dr. Michael Abramski, Psychiatrist) concerning whether [the complainant] was properly interviewed, as the credibility of [the complainant's] allegations of sexual abuse was the crucial issue of the prosecution's case. Petitioner was denied his constitutional right to present witnesses on his behalf for his defense, in violation of United States Constitutional Amendments V, VI, XIV.

III. Petitioner was denied the effective assistance of counsel when attorney Christine Dubois and Attorney Barton Morris failed to represent Petitioner's

>best interest, along with their failure to present an alibi witness, failure to investigate Petitioner's prior convictions, and the cumulative effect of other errors both at pre-trial and during trial resulted in prejudice to Petitioner constituting ineffective assistance of counsel as guaranteed by the U.S. Constitution.

II.     Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). In his amended habeas petition, Petitioner states that he attempted to raise his claim of ineffective assistance of counsel in a supplemental brief in the Michigan Court of Appeals, but the court of appeals denied his request to file the supplemental brief. As a result, Petitioner's claim

of ineffective assistance of counsel was not fairly presented in the Michigan Court of Appeals or the Michigan Supreme Court. Petitioner, therefore, failed to exhaust his claim of ineffective assistance of counsel.

In addition, it is unclear whether Petitioner "fairly presented" his other two federal claims in the Michigan appellate courts. It appears that Petitioner may have asserted only that the trial court abused its discretion under state law principles when presenting his claims on direct appeal to the Michigan Court of Appeals. Even if Petitioner "federalized" his claims in the Michigan Supreme Court, he fails to satisfy the exhaustion requirement. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this

application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. Since the AEDPA was amended to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on September 28, 2004. Petitioner did not petition for certiorari to the United States Supreme Court, though the

ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 27, 2004. Accordingly, Petitioner had one year, until December 27, 2005, in which to file his habeas petition. Petitioner filed the instant petition no later than September 7, 2005.[1] Accordingly, the petition was timely when filed, but the statute of limitations has since expired.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2] In the instant case, the statute of limitations has expired. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, any subsequent petition filed by Petitioner would be time-barred. *Palmer*, 276 F.3d at 781. Accordingly, under *Palmer*, a stay of the proceedings is appropriate in this case while Petitioner pursues his unexhausted claims in the state courts.

The Supreme Court recently held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*,

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on August 30, 2005, and it was received by the Court on September 7, 2005. Therefore, it must have been handed to prison officials at some time between August 30 and September 7, 2005.

[2] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

125 S. Ct. 1528, 1534-35 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 1535. Under *Rhines*, if the district court determines that a stay is inappropriate, the district court must allow the petitioner to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.* This is the case here, since the limitations period has expired.

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within thirty days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 125 S. Ct. at 1535. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will dismiss his unexhausted claims and review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated: February 17, 2006                                /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE