UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ANGELO AMADOR, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-608 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| CARMEN D. PALMER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). For the reasons set forth below, the Court finds that Petitioner failed to exhaust his administrative remedies with regard to any of his grounds for habeas corpus relief. Accordingly, his action will be dismissed without prejudice.

## Procedural History

Petitioner is incarcerated in the Deerfield Correctional Facility. Petitioner was convicted in the Oakland County Circuit Court of two counts of second-degree criminal sexual conduct (CSC II) (victim under thirteen). On May 22, 2002, he was sentenced as a second habitual

offender to imprisonment of forty-seven months to twenty-two-and-a-half years. The Michigan Court of Appeals affirmed his conviction on January 27, 2004, and the Michigan Supreme Court denied his application for leave to appeal on September 28, 2004.

In his amended petition (docket #7), Petitioner raises the following three grounds for habeas corpus relief:

> I. Petitioner was denied his constitutional right to a fair and impartial trial when the trial court erred reversibly in overruling the defense objection to the prosecution introducing evidence of other alleged acts, that were never reported, never charged, or founded alleged acts that were over thirty (30) years old, under MRE 404(B), where the prosecution failed to provide a sufficient foundation that the other acts had occurred or that those alleged acts had any relevance or connection to the instant offense, and that those alleged prior acts showed any plan or scheme to commit the instant offense, especially due to the lengthy time between those alleged acts and the instant charged offense.
>
> II. The trial court committed reversible error in denying the defense request for funds to hire an expert witness (Dr. Michael Abramski, Psychiatrist) concerning whether [the complainant] was properly interviewed, as the credibility of [the complainant's] allegations of sexual abuse was the crucial issue of the prosecution's case. Petitioner was denied his constitutional right to present witnesses on his behalf for his defense, in violation of United States Constitutional Amendments V, VI, XIV.
>
> III. Petitioner was denied the effective assistance of counsel when attorney Christine Dubois and Attorney Barton Morris failed to represent Petitioner's best interest, along with their failure to present an alibi witness, failure to investigate Petitioner's prior convictions, and the cumulative effect of other errors both at pre-trial and during trial resulted in prejudice to Petitioner constituting ineffective assistance of counsel as guaranteed by the U.S. Constitution.

In an opinion issued on February 17, 2006, the Court found that Petitioner failed to exhaust his administrative remedies with regard to his claim of ineffective assistance of counsel (Ground III). In addition, the Court expressed doubt as to whether Petitioner fairly presented the

federal claims set forth in Grounds I and II concerning the admission of evidence under M.R.E. 404(b) and the trial court's denial of funds to pay for a defense expert. Because the one-year statute of limitations has now expired, the Court ordered Petitioner to show cause within thirty days why he was entitled to a stay of these proceedings while he exhausts his claims in the state courts. *See Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In the alternative, the Court indicated that Petitioner could file an amended petition setting forth only his exhausted claims.

On March 3, 2006, the Court received a letter (docket #10) from Petitioner stating that he waived the opportunity to seek a stay of the proceedings and wished to proceed on his exhausted claims. Petitioner, however, had not satisfied his burden of demonstrating that he had properly exhausted Grounds I and II. Because it was unclear from the petition and supporting exhibits whether Petitioner fairly presented the federal claims set forth in his first two grounds for habeas corpus relief, the Court ordered him to submit a copy of his appellate brief in the Michigan Court of Appeals. Petitioner timely filed a copy of his state appellate brief (docket #12), which shows that he raised the following two claims on direct appeal to the Michigan Court of Appeals:

I. THE TRIAL COURT REVERSIBLY ERRED IN OVERRULING THE DEFENSE OBJECTION TO THE PROSECUTION PRESENTING EVIDENCE OF MR. ARMADOR'S ALLEGED OTHER ACTS UNDER MRE 404(B), AS THE PROSECUTOR FAILED TO ESTABLISH A SUFFICIENT FOUNDATION THAT THOSE ACTS SHOWED A PLAN OR SCHEME TO COMMIT THE CHARGED OFFENSES.

II. THE TRIAL COURT REVERSIBLY ERRED IN DENYING THE DEFENSE REQUEST FOR FUNDS TO HIRE AN EXPERT WITNESS CONCERNING WHETHER ANDREA MENDOZA WAS PROPERLY INTERVIEWED, AS THE CREDIBILITY OF MR. MEDOZA'S ALLEGATIONS OF SEXUAL ABUSE WAS THE CRITICAL ISSUE OF THE PROSECUTION'S CASE.

**Discussion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66.

Although the most obvious way to alert the state court of a constitutional claim is to cite to the constitution itself, the petitioner need not cite the constitution. The Sixth Circuit has noted four actions a defendant may take which are significant to the determination whether a claim has been "fairly presented": (a) reliance on federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis, (c) assertion of the claim in terms so

particular as to call to mind a specific constitutional right, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation." *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir. 2000); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 193-94 (2d Cir.1982)); *accord Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).

As the Court concluded in its previous opinion, Petitioner failed to exhaust his third claim for habeas corpus relief concerning the ineffective assistance of trial counsel because it was not presented in the Michigan Court of Appeals and the Michigan Supreme Court. The Court now finds that Petitioner also failed to fairly present his first two grounds for habeas corpus relief in the state courts. In Ground I, Petitioner claims that he was denied his "constitutional right to a fair and impartial trial" by the admission of other bad acts evidence. However, in his state appellate brief, Petitioner did not assert a violation of his federal constitutional rights. Petitioner relied exclusively on state law in arguing that the trial court erred in allowing the evidence under M.R.E. 404(b). Petitioner did not cite the constitution or any federal case law in his brief. In his second ground for habeas relief, Petitioner contends that the trial court's denial of his request for an expert violated "his constitutional right to present witnesses on his behalf for his defense, in violation of United States Constitutional Amendments V, VI, XIV." Like the previous issue, Plaintiff did not assert a violation of his constitutional rights in the state courts. He relied exclusively on state law in claiming that the trial court erred in denying his request for an expert. Moreover, the claims Petitioner asserted on direct appeal are not within the mainstream of federal constitutional law. Because Petitioner failed to fairly present Grounds I and II in the state courts, he fails to satisfy the exhaustion requirement.

Plaintiff, therefore, does not have any exhausted claims to pursue in this action. Plaintiff previously waived his opportunity to seek a stay of these proceedings in order to exhaust

his claims in the state courts. Moreover, *Palmer*'s stay-and-abeyance procedure applies to mixed petitions, those containing both exhausted and unexhausted claims. *Palmer*, 276 F.3d at 780; *see also Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005)("[I]n *Palmer v. Carlton,* this Court adopted a stay-and-abeyance procedure, which effects a mandatory form of equitable tolling for the narrow group of cases in which a mixed petition is dismissed near or after the expiration of the AEDPA limitations period.") Because the petition does not contain any exhausted claims, it must be dismissed without prejudice.

## Conclusion

In light of the foregoing, the Court will dismiss Petitioner's application without prejudice pursuant to Rule 4 for failure to exhaust his state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant

service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition for lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:      July 11, 2006                     /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE